No. 12-1138 – *In Re: Timber M. and Reuben M.*

**FILED**

**June 19, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Chief Justice, concurring, in part, and dissenting, in part:

I concur with the majority's decision to affirm the circuit court's termination of the mother's parental rights to Timber M. and Reuben M. Also, I agree with the majority's decision to vacate the order that placed the children in the custody of Kevin M. and to remand for further proceedings on the custody issue. However, I dissent to the majority's adoption of new syllabus point 6, because I believe that the majority could have addressed the concerns regarding Kevin M. without formulating a new, overly-broad syllabus point.

As made clear in the majority opinion, there is ample authority supporting this Court's power to consider *sua sponte* issues not raised by the parties on appeal if it is necessary to do so in the interests of justice. The interests of justice certainly include the welfare of children. Therefore, the majority could have relied upon existing precedent to vacate the custody order and remand for further proceedings.

In addition, new syllabus point 6 is overly broad and, as such, is ripe for abuse. According to the syllabus point, in order to protect the health and welfare of a child in a custody case "the Court will take such action as it deems appropriate and

1

necessary to protect the child." However, any action taken by this Court to protect a child is subject to a parent's constitutional rights and principles of due process which is not made clear in the syllabus point. Moreover, I am concerned that the broad language in the syllabus point serves as an invitation to this Court to disregard long-settled standards of review and to reverse a circuit court's decision in an abuse and neglect case simply because the Court would have decided the case differently.

The majority's decision with regard to Kevin M.'s custody of the children is a troubling example of the operation of the new syllabus point. The majority's decision greatly affects Kevin M., yet he is not a party to this appeal and he did not have the opportunity to address the majority's concerns regarding the custody issue. Further, the majority makes a significant finding regarding Kevin M.'s former conduct based on a cold and apparently incomplete record and absent Kevin M.'s participation as a party before the Court.

In sum, it would have been preferable for the majority to craft a more modest syllabus point that better reflects constitutional limitations on the Court's authority or simply to rely on existing precedent in addressing the issue of Kevin M.'s custody of the children.

For the reasons stated above, I concur with the majority's disposition of this case, but I dissent to the majority's adoption of new syllabus point 6.